APPEAL,CLOSED,E−NTC,MANDAMUS,PROSE−NP,TYPE−F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:23−cv−00212−APM</u>
## *Internal Use Only*

BRADY v. GARLAND
Assigned to: Judge Amit P. Mehta
Cause: 28:1651 Petition for Writ of Mandamus

Date Filed: 01/24/2023
Date Terminated: 09/29/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**JAMES H. BRADY**                    represented by   **JAMES H. BRADY**
                                                        2422 Apple Ridge Circle
                                                        Manasquan, NJ 08736
                                                        201−923−5511
                                                        Email: <u>bradyny@gmail.com</u>
                                                        PRO SE

V.

**Defendant**

**MERRICK B. GARLAND**                represented by   **Marsha Wellknown Yee**
*United States Attorney General*                       DOJ−USAO
                                                        Civil Division
                                                        601 D Street, NW
                                                        Washington, DC 20530
                                                        (202) 252−2539
                                                        Fax: (202) 252−2599
                                                        Email: <u>marsha.yee@usdoj.gov</u>
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/24/2023 | <u>1</u> | PETITION for Writ of Mandamus ( Filing fee $ 402 receipt number 203887.) filed by JAMES H. BRADY. (Attachments: # <u>1</u> Exhibits, # <u>2</u> Civil Cover Sheet' # <u>3</u> Summons)(zed) (Entered: 01/26/2023) |
| 01/27/2023 |  | SUMMONS Not Issued as to MERRICK B. GARLAND (zed) (Entered: 01/27/2023) |
| 01/27/2023 | <u>2</u> | NEW Pro Se Consent To Receive Notices of Electronic Filing by JAMES H. BRADY (zed) (Entered: 01/30/2023) |
| 01/30/2023 | <u>3</u> | SUMMONS (1) Issued Electronically as to MERRICK B. GARLAND. (Attachment: # <u>1</u> Notice and Consent)(zed) (Entered: 01/30/2023) |
| 02/02/2023 | <u>4</u> | AFFIDAVIT of Mailing by JAMES H. BRADY. (zed) (Entered: 02/03/2023) |

| 02/09/2023 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 2/3/2023. (zed) (Entered: 02/15/2023) |
|---|---|---|
| 02/17/2023 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/6/2023. Answer due for ALL FEDERAL DEFENDANTS by 4/7/2023. (zsl) (Entered: 02/23/2023) |
| 04/07/2023 | 7 | NOTICE of Appearance by Marsha Wellknown Yee on behalf of MERRICK B. GARLAND (Attachments: # 1 Certificate of Service)(Yee, Marsha) (Entered: 04/07/2023) |
| 04/07/2023 | 8 | MOTION for Extension of Time to *File Defendant's Response to Plaintiff's Complaint* by MERRICK B. GARLAND. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Yee, Marsha) (Entered: 04/07/2023) |
| 04/10/2023 | | MINUTE ORDER granting Defendant's 8 Motion for Extension of Time to File Defendant's Response to Plaintiff's Complaint. Defendant's Answer shall now be due on or before May 23, 2023. Signed by Judge Amit P. Mehta on 4/10/2023. (lcapm2) (Entered: 04/10/2023) |
| 04/12/2023 | 9 | MOTION for Reconsideration re Order on Motion for Extension of Time to, by JAMES H. BRADY. (Attachment: # 1 Exhibit)(zed) (Entered: 04/13/2023) |
| 04/14/2023 | | MINUTE ORDER denying 9 Motion for Reconsideration. Defendant had established good cause for the requested extension, and Plaintiff's motion does not offer persuasive grounds for the court to reconsider that determination. Plaintiff also has not shown any prejudice from the court's grant of a first–time extension request. Signed by Judge Amit P. Mehta on 4/14/2023. (lcapm2) (Entered: 04/14/2023) |
| 05/23/2023 | 10 | MOTION to Dismiss by MERRICK B. GARLAND. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Yee, Marsha) (Entered: 05/23/2023) |
| 05/25/2023 | 11 | ORDER advising Plaintiff to respond by June 22, 2023, to Defendant's 10 Motion to Dismiss or risk dismissal of the case. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 05/25/2023. (lcapm2) (Entered: 05/25/2023) |
| 06/22/2023 | 12 | Memorandum in opposition to re 10 Motion to Dismiss filed by JAMES H. BRADY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(zed) (Entered: 06/26/2023) |
| 08/23/2023 | 13 | NOTICE by JAMES H. BRADY (Attachments: # 1 Certificate of Service, # 2 Errata 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5).(zed) (Entered: 08/29/2023) |
| 08/24/2023 | 14 | ERRATA by JAMES H. BRADY re 13 Notice (Other). (zed) (Entered: 08/29/2023) |
| 09/29/2023 | 15 | MEMORANDUM OPINION re: 10 Defendant's Motion to Dismiss. Please see the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 9/29/23. (lcapm2) (Entered: 09/29/2023) |
| 09/29/2023 | 16 | ORDER: For the reasons stated in the 15 Memorandum Opinion, the court grants Defendant's 10 Motion to Dismiss. Please see the attached Order for further details. Signed by Judge Amit P. Mehta on 9/29/23. (lcapm2) (Entered: 09/29/2023) |
| 10/03/2023 | 17 | MOTION for Reconsideration re 16 Order on Motion to Dismiss by JAMES H. BRADY. (mg) (Entered: 10/04/2023) |

| 10/07/2023 | 18 | Amended MOTION for Reconsideration re 16 Order on Motion to Dismiss by JAMES H. BRADY. (Attachments: # 1 Exhibit)(mg) (Entered: 10/12/2023) |
|---|---|---|
| | | *Main Document* |
| | | Attachment # 1 *Exhibit* |
| 10/10/2023 | | MINUTE ORDER denying Plaintiff's 17 Motion for Reconsideration and Reargument and 18 Amended Motion for Reconsideration and Reargument. Plaintiff has not offered any valid ground that would warrant reconsideration of the court's order of dismissal. See Rule 59(e); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal quotation marks omitted). Signed by Judge Amit P. Mehta on 10/12/23. (lcapm2) Modified on 10/13/2023 (zjd). (Entered: 10/10/2023) |
| 10/23/2023 | 19 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 15 Order, 16 Order on Motion to Dismiss by JAMES H. BRADY. Fee Status: No Fee Paid. Parties have been notified. (mg) (Entered: 10/26/2023) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES H. BRADY,

        *Plaintiff*,

v.

MERRICK B. GARLAND,
United States Attorney General,

        *Defendant*.

_____

Civil Action No. <u>23-cv-00212-APM</u>

### <u>NOTICE OF APPEAL</u>

Notice is hereby given this 23rd day of October 2023, that JAMES H. BRADY

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit

from the judgment of this Court entered on the 29th day of September 2023 in favor of

Merrick B. Garland, United States Attorney General, against said James H. Brady.

DATE:  October 23, 2023



James H. Brady, *Pro se Plaintiff*
21 Pearce Avenue
Manasquan, NJ 08736
(201) 923-5511
bradyny@gmail.com

**RECEIVED**

OCT 23 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**JAMES H. BRADY,**                           )
                                              )
    **Plaintiff,**         )
                                              )
    **v.**                 )    **Case No. 23-cv-00212 (APM)**
                                              )
**MERRICK B. GARLAND,**                       )
                                              )
                                              )
    **Defendant.**          )
_____ )

## <u>ORDER</u>

    For the reasons set forth in the court's Memorandum Opinion, ECF No. 15, the court grants

Defendant's Motion to Dismiss, ECF No. 10, and enters judgment in favor of Defendant.

    This is a final, appealable Order.

Dated:  September 29, 2023               _____
                                 Amit P. Mehta
                       United States District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JAMES H. BRADY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 23-cv-00212 (APM)** |
| | ) |
| **MERRICK B. GARLAND** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>MEMORANDUM OPINION</u>

### I.

Plaintiff James Brady, proceeding *pro se*, seeks a writ of mandamus to compel Defendant U.S. Attorney General Merrick Garland to investigate the validity of past judicial decisions entered against Brady. Before the court is Defendant's motion to dismiss for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss, ECF No. 10. That motion is granted.

### II.

Brady has a long history of litigation prior to this case. Those cases arose from two primary disputes concerning real estate: one set of cases stems from the sale of air rights above Brady's penthouse unit, while the other stems from personal guarantees Brady made as to other real estate. *See Brady v. Berman*, No. 18-cv-8459, 2019 WL 4546535, at **1–4 (S.D.N.Y. Aug. 2, 2019). Brady alleges that the prior judgments represent a conspiratorial injustice against him orchestrated by powerful judges, which can and should be remedied by the Attorney General. Compl., ECF No. 1, ¶¶ 59–69.

Brady seeks to compel Attorney General Garland to (1) invalidate a prior 2014 New York state court decision pertaining to the air rights litigation, (2) allow Brady to file a criminal complaint relating to court losses from the personal guarantees litigation, and (3) order the return of the $2.3 million that Brady allegedly has paid as a result of these combined court loses.  He asks this court to issue a writ of mandamus to compel the Attorney General to do so.  The Attorney General filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the court lacks authority to compel him to investigate or prosecute, as that decision is within the Attorney General's discretion.  For the reasons stated below, the court agrees and dismisses this action without prejudice.[1]

## II.

When deciding a motion to dismiss under Rule 12(b)(1), "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or . . . the court's resolution of disputed facts."  *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).  The court must, however, "accept all of the factual allegations in [the] complaint as true."  *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (brackets in original).  "A document filed *pro se* is to be liberally construed" pursuant to the requirements of Federal Rule of Civil Procedure 8(f): "Pleadings must be construed so as to do justice."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Review of a *pro se* plaintiff's filings is therefore against a "less stringent" backdrop than that of "formal pleadings drafted by lawyers[.]"  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted).

---

[1] Pursuant to Fed. R. Civ. P. 41(b), dismissal of a claim for lack of jurisdiction is without prejudice.  *See Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("[D]ismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction.").  However, "even a case dismissed *without* prejudice has preclusive effect on the jurisdictional issue litigation."  *Id.*

2

Nonetheless, the "[p]laintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Am. Fed'n of Gov't Emp.'s v. Sec'y of Air Force*, 841 F. Supp. 2d 233, 235–36 (D.D.C. 2012).  If, after a liberal reading of the documents, a federal court concludes it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *see also Poblete v. U.S. Marshals Service*, 224 F. Supp. 3d 43, 45–46 (D.D.C. 2019).

### III.

### A.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  In an ordinary case, the plaintiff must first establish the court's jurisdiction over the claims before the court may address the merits.  *Illinois v. Ferriero*, 60 F. 4th 704, 714 (D.C. Cir. 2023).  Those inquires merge, however, when, as here, a plaintiff seeks mandamus relief.  *Id.* (citing *Lovitky v. Trump*, 949 F. 3d 753, 759 (D.C. Cir. 2020)).  Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer . . . of the United States or an agency thereof to perform a duty owed to the plaintiff."  Put another way, the question of whether the court has subject matter jurisdiction turns on whether the plaintiff has demonstrated a clear entitlement to relief.

A writ of mandamus is a "drastic and extraordinary" remedy.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004).  It is available only when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff."  *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 123 (D.D.C. 2009) (citations omitted).  When a petitioner fails to meet these requirements, the court is required to dismiss for lack of subject matter jurisdiction.  *See Ferriero*, 60 F. 4th at 714.

3

Brady fails to satisfy both (1) the "clear and indisputable right" to relief and (2) the defendant's "clear duty to act," because the Attorney General's decision whether to initiate proceedings is an exercise of prosecutorial discretion, which this court cannot compel.  The Supreme Court has consistently held that "an agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney,* 470 U.S. 821, 831 (1985).  This principle applies to the prosecutorial discretion of the Attorney General, and is not overcome by a request for mandamus relief: "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion." *Powell v. Katzenbach,* 359 F. 2d. 234, 234 (D.C. Cir. 1965) (citations omitted); *see also In re Sealed Case*, 131 F.3d 208, 214 (D.C. Cir. 1997) (noting that "the exercise of prosecutorial discretion, at the very core of the executive function, has long been held presumptively unreviewable").  Because Plaintiff has no "clear right to relief" and Defendant has no "clear duty to act," the court lacks jurisdiction to proceed.[2]

**B.**

Brady further argues that the All Writs Act supplies this court with jurisdiction.  Compl. ¶ 42.  It does not.  It is well established that "the All Writs Act does not confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 29 (2002).  The All Writs Act works "in aid of [a court's] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *See id.* at 33 (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999) (internal quotation marks omitted)).

---

[2] Brady argues that pursuant to his First Amendment rights, he has the right to file a complaint as to the Attorney General.  Compl. ¶ 34.  However, Brady has no right to any *response* from the Attorney General.  *We the People Found., Inc.  v. United States*, 485 F.3d 140, 141 (D.C. Cir. 2007) (citing *Minn. State Bd.  for Cmty. Colls. v. Knight*, 465 U.S. 271, 283, 285 (1984); *Smith v. Arkansas State Highway Employees*, 441 U.S. 463 (1979)).

4

Brady also invokes the Administrative Procedure Act (APA).  Compl. ¶ 43.  But "agency action [that] is committed to agency discretion by law" is not subject to judicial review under the APA.  5 U.S.C. § 701(a)(2).  And the D.C. Circuit conclusively has held that decisions not to prosecute or initiate administrative action are unreviewable under the APA.  *See Voth v. Holder*, 373 Fed. App'x 78 (D.C. Cir. 2012) (affirming district court's dismissal of a mandamus petition because the APA "only provides for judicial review of an agency's failure to act when the action is not committed to agency discretion by law" and that the Attorney General's decision to investigate was a matter "committed to prosecutorial discretion") (citations omitted).  Plaintiff therefore has no APA claim.

## IV.

For the foregoing reasons, this court grants Defendant's Motion to Dismiss, ECF No. 10, and dismisses this action without prejudice.  A final, appealable order accompanies this opinion.

Dated:  September 29, 2023

_____
Amit P. Mehta
United States District Court Judge

October 7, 2023

James H. Brady
2422 Apple Ridge Circle
Manasquan, NJ  08736

Honorable Amit P. Mehta
U.S. District Court for the
District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Re:  _James H. Brady v. Merrick Garland,_ 23-cv-00212-APM

Dear Judge Mehta:

On October 3, 2023 I filed a Motion for Reconsideration that erroneously included a Memorandum of Law instead of an Affidavit in Support, and did not include this Court's September 29, 2023 decision.

Furthermore, on October 3, 2023 a decision was handed down by the New York State Appellate Division, First Department in  _Heykal Properties LLC v. 450 West 31st Street Owners Corp_, Index No. 653641/2018, Case No. 2002-04476, that includes New Evidnece in the present case.

Enclosed please find a corrected Motion for Reconsideration with a supporting Affidavit, and a copy of the Decision for which I seek reconsideration.

Thank you,

_James H. Brady_

James H. Brady

1

RECEIVED

OCT 7 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES H. BRADY,

               *Plaintiff*,

*v.*

MERRICK B. GARLAND,
United States Attorney General,

               *Defendant*.

_____

Case No. 23-cv-00212-APM

**NOTICE OF MOTION**

## NOTICE OF MOTION FOR RECONSIDERATION

**PLEASE TAKE NOTICE** that upon the annexed Affidavit in Support, dated October 7, 2023, together with any exhibits annexed thereto, the undersigned will move this Court, before the Honorable Amit P. Mehta, United States District Judge for the District of Columbia, at 333 Constitution Avenue, NW, Washington, DC 20001 at a date and time to be determined by the Court, for an order reversing the Court's September 29, 2023 MEMORANDUM OPINION, pursuant to Rule 60 of the Federal Rules of Civil Procedure, and for such further and other relief as the Court may deem just and proper.

               Respectfully submitted,

Dated: October 7, 2023

*James H. Brady*
_____
James H. Brady, *Pro se Plaintiff*
21 Pearce Avenue
Manasquan, NJ 08736
(201) 923-5511
bradyny@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES H. BRADY,

        *Plaintiff*,

*v.*

MERRICK B. GARLAND,
United States Attorney General,

        *Defendant*.

_____

Case No. <u>23-cv-00212-APM</u>

### <u>PLAINTIFF'S AFFIDAVIT IN SUPPORT OF<br>MOTION TO RECONSIDER</u>

OCTOBER 7, 2023

    1.    A comparative review of this Court's September 29, 2023 MEMORANDUM OPINION

(Exhibit 1) against Plaintiff's January 24, 2023 Complaint proves that this Court erred twice in its stated

understanding of what mandamus relief was being requested by Plaintiff, and then made its ruling to

dismiss based on its erroneous understanding of what mandamus relief was being sought by Plaintiff in

his January 24, 2023 Complaint.  These facts are proven below.

    2.    In the very first sentence of this Courts September 29, 2023 MEMORANDUM

OPINION, this Court states the following:

> Plaintiff James H. Brady, proceeding pro se, seeks a writ of mandamus to compel Defendant US
> Attorney Merrick Garland to investigate the validity of past judicial decisions entered against
> Brady.

    3.    In the first paragraph of page two of this Court's September 29, 2023 MEMORANDUM

OPINION, the Court states the following:

> Brady seeks to compel Attorney General Garland to (1) investigate a prior 2014 New York state
> court decision  pertaining to the air rights litigation , (2) allow Brady to file a complaint relating
> to court loses from the personal guarantee litigation, and ( 30 Order the return of the 2.3 million

1

that Brady allegedly had has paid as a result of these combined court loses. He asks this court to issue a writ of mandamus to compel the Attorney General to do so"

4.      A review of the last two pages of Plaintiff's 45-page January 24, 2023 Complaint proves that the mandamus relief being sought was not the relief this Court said it was in its September 29, 2023 MEMORANDUM OPINION, which means Plaintiff has a constitutional right to have that error corrected.

5.      Page 44 of Plaintiff's Complaint reads as follows:

**REQUEST FOR RELIEF**

**WHEREFORE**, Petitioner respectfully asks this Court to grant the following relief:
(A) Issuance of a writ of mandamus directing Respondent Merrick D. Garland, United State Attorney General, to state that under United States and New York Law the Offering plan contract and higher final Appellate Court February 11, 2010 decision govern over the lower final lower Supreme Court July 15, 2014 decision.

(B) through a writ of mandamus Mr. Garland must permit Petitioner to file a criminal complaint and  declare that pursuant to Gregory Sheindlin's May 4, 2021 stipulation it is true that Gregory Sheindlin confessed that he and Philippe Ifrah stole over $1.7 million by fraudulently misrepresenting through "implication" that the three questions on a state Court June 26, 2015 jury interrogatory sheet were findings the personal guarantees that Brady signed with IGS Realty were enforceable and that the jury findings were a rejection of Brady's defenses and counterclaims;
        (i)   Order Mr. Garland to order the return of the over $500,000 Petitioner was forced to pay on September 5, 2018 to the attorneys who helped steal his co-op's development rights;
        (ii)  Order that Mr. Garland order the return of the over $1.7 million Petitioner was forced to pay IGS Realty on September 5, 2018 as a result of Gregory Sheindlin's and Mr Ifrah's fraud scheme;

(C) And any other relief that this Court deems just and proper.

6.      A review of the September 29, 2023 MEMORANDUM OPINION proves that this Court did not address a single one of the four actual items which Plaintiff was seeking through mandamus.

7.     A review of United States Attorney General's June 23, 2023 Motion to Dismiss proves he also never addressed any of the actual four items which Plaintiff was seeking relief through mandamus.

8.     None of the actual four issues shown above from Plaintiff's January 24, 2023 Complaint pertained to "discretionary acts" by the Attorney General.

9.     None of the actual four mandamus requests shown above from Plaintiff's January 24, 2023 Complaint pertained to "state court loses" or "reversing or investigating state court losses" because Brady never actually lost either litigation.

10.     In the air rights case, Brady won the state court litigation because as a matter of law, the higher Appellate Division, First Department February 11, 2010 decision (which included words giving Brady's Unit the right to utilize the premises permissible development rights) governed over the lower Supreme Court Decision from July 15, 2014, which tried to void the rights the contract and higher court affirmed were contractually appurtenant to Plaintiff's then 12th Floor and Roof unit apartment.

11.     In the IGS Realty case, the stipulated confessions made under oath by Mr. Sheindlin and his attorney Robert Sussman at Sheindlin's May 4, 2021 deposition prove that there was never even a question pertaining to the personal guarantees or Brady's constructive eviction defense on the June 26, 2015 Jury interrogatory sheet, proving this Court and Mr. Garland are wrong when both assert Brady "lost" his personal guarantee case in state Court.

12.     As is proven below, none of the actual four requests for mandamus in Plaintiff's January 24, 2023 Complaint required "investigations" or "discretionary acts" by the Attorney General.  Rather each of the four requested mandamus pertained to mandated duties by the United States attorney General that Plaintiff had a crystal clear constitutional right to have performed by the Attorney General, and Mr. Garland refused to perform these four  mandated duties for the sake of powerful, politically-connected people.

13.     The first mandamus request that the Court failed to mention or adjudicate in its

September 29, 2023 MEMORANDUM OPINION was the following:

(A) Issuance of a writ of mandamus directing Respondent Merrick D. Garland, United States
Attorney General, to state that under United States and New York Law the Offering plan
contract and higher final Appellate Court February 11, 2010 decision govern over the lower
final lower Supreme Court July 15, 2014 decision.

14.     It is a mandated judicial function of Mr. Garland and not a discretionary to uphold the

rule of law that: 1) contracts are not permitted to be rewritten by judges; and 2) higher court decisions

always govern over lower court decisions.

15.     These mandated rules of law that Mr. Garland is duty bound to follow were both listed in

Plaintiff' January 24, 2023 Complaint yet never addressed by Mr. Garland in his motion to dismiss, nor

by this Court in its September 29, 2023 Decision.  The mandated black letter rule of law pertaining to

contracts was stated in paragraph 45 of Plaintiff's Complaint and is shown again below.

(45)  When parties set down their agreement in a clear, complete document, their
writing should be enforced according to its terms." _W.W.W. Assoc. v Giancontieri_,
77 NY2d 157, 162 10 [1990]. And "Courts may not by construction add or excise
terms, nor distort the meaning of those used and thereby make a new contract for
the parties under the guise of interpreting the writing." "In the absence of any
ambiguity, we look solely to the language used by the parties to discern the
contract's meaning." _Vermont Teddy Bear v. 538 Madison Realty Co_., 308 AD2d
33 (2004).

16.     The mandated black letter rule of law pertaining to appellate courts' dominance over

lower courts was proven in paragraph 51 and 52 of Plaintiff's January 14, 2023 Complaint:

(51)  In the August 9, 2018 Decision in the case of _Massey v. Byrne_, the Justices of the First
Department made clear the law a lower court was unlawful:  "An appellate court's resolution of
an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court as
well as on the appellate court ...[and] operates to foreclose re-examination of the question
absent a showing of subsequent evidence or change of law" 107 AD3d 544 [1st Dept 2013].

(52)  Similarly, the "resolution of an issue" by the Appellate Division "is binding on all lower courts and cannot be challenged or modified absent a showing of subsequent evidence." _Bd. of Managers of the 25 Charles St. Condo. v. Seligson_, 961 N.Y.S.2d 152, (N.Y. App. Div. 2013).

17.    All Plaintiff was seeking through his first writ of mandamus request was that Mr. Garland be forced to tell the truth that Brady's contract and higher court decision govern over the lower court decision since telling the truth and upholding the law that higher court decisions govern over lower court decisions are mandated judicial functions that Mr. Garland is duty bound enforce since Brady has a crystal clear right to have his contract and higher court decision adjudicated as governing over the lower court decision since that is what the rule of law mandates.

18.    A review of the Court's September 29, 2023 Decision proves the Court dismissed Plaintiff's Complaint without ever even mentioning or adjudicating Plaintiff's second mandamus request, which is on page 44 of Plaintiff's Complaint:

(B) through a writ of mandamus Mr. Garland must permit Petitioner to file a criminal complaint and  declare that pursuant to Gregory Sheindlin's May 4, 2021 stipulation it is true that Gregory Sheindlin confessed that he and Philippe Ifrah stole over $1.7 million by fraudulently misrepresenting through "implication" that the three questions on a state Court June 26, 2015 jury interrogatory sheet were findings the personal guarantees that Brady signed with IGS Realty were enforceable and that the jury findings were a rejection of Brady's defenses and counterclaims;

19.    The right to file a criminal complaint to seek redress of grievances from the government is an expressly worded, crystal clear First Amendment constitutional right that Mr. Garland has a crystal clear duty to permit Brady to exercise, yet Defendant he has refused to do so without mandamus.

20.    As the case law guaranteeing the First Amendment right to file a criminal complaint with Mr. Garland's Justice Department is proven in paragraph 21 of Plaintiff's Complaint, and proves it is a mandated duty of Mr. Garland's and not a discretionary act for Mr. Garland to permit Brady to file a criminal complaint against Mr. Sheindlin after Sheindlin confessed under oath and by stipulation at his May 4, 2021 deposition that the June 26, 2015 jury interrogatory sheet that Sheindlin used as the basis

to collect over $1.7 million dollars from Brady on a personal guarantees never even had a question on the sheet that pertained to personal guarantees.

(21)  Undoubtedly, Plaintiffs are correct when they state that they have a First Amendment right to file complaints with the government. *Hogan v. County of Lewis*, 929 F.Supp 2d 130 (District Court ND NY 2013). "It is axiomatic that filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition government for the redress of grievances." *Lott v. Andrews Ctr.*, 259 F.Supp.2d 564, 568 (E.D.Tex.2003). The rights to complain to public officials and to seek administrative and judicial relief are protected by the First Amendment." *Jackson v. N.Y. State*, 381 F.Supp.2d 80, 89 (N.D.N.Y.2005).

21.      On May 4, 2021 Mr. Sheindlin and his attorney Robert Sussman confessed under oath and by stipulation that the July 26, 2015 state court Jury Interrogatory Sheet that Sheindlin and his client Philippe Ifrah used to force the sale of Plaintiff's family business to pay over $1.7 million dollars on a personal guarantee on September 5, 2018 never even said anything about personal guarantees.

22.      Sheindlin's fraudulent act was shown in paragraph 26 of Brady's Complaint, and Sheindlin's confession was shown in paragraph 27.  Both are shown again below:

(26)  In his Article 52 Petition Mr. Sheindlin made the following false claims, and nothing more, to obtain what grew to be more than a $1.7 million-dollar personal guarantee judgment from the New York State Courts against Petitioner:

> AND Plaintiff (IGS Realty) having presented all its evidence and rested, and the Defendant (Brady) having presented all its evidence in support of his defenses and having rested, the jury rendered a verdict on June 26, 2015 in favor of Plaintiff against the Defendant, in the sum of $541,758.62, with the statutory rate of interest accruing from May 1, 2009 and the cost of disbursements to Plaintiff.

(27)  Gregory Sheindlin and his attorney Michael Sussman admitted under oath and by stipulation at Mr. Sheindlin's May 4, 2021 deposition in the case Gregory Sheindlin v. James H. Brady, 21-cv-1124 (LJL)(Docket No. 73), that the personal guarantees were not ever even part of the jury verdict questions (Exhibit 9):

> (p. 41-42) MR. SUSSMAN: Hold on. We both can't speak at the same time. The

6

gentleman has explained to you exactly what he did. It's also in the document. The document speaks for itself . It says nothing about a personal guarantee . That's admitted . We can stipulate to that so we don't have to worry about that.

23.     The fact that Sheindlin confessed under oath and by stipulation that the jury sheet that he used to collect over $1.7 million dollars from Brady on a personal guarantee never even said anything about personal guarantees proves several things.

24.     First, the stipulated confession proves it is not true when Mr. Garland and this Court state that Brady lost the state court personal guarantees trial since there was never even a question pertaining to the personal guarantees on the June 26, 2025 Jury Interrogatory Sheet.

25.     Second, the stipulated confession proves this Court erred when it and Mr. Garland assert that the purpose of the mandamus is to reverse a state court loss.  There can be no state court loss on the personal guarantee issue when it was stipulated under oath that the issue of the personal guarantees was not even on the three question jury interrogatory sheet.

26.     Finally, since Sheindlin and his attorney Robert Sussman stipulated under oath that the June 26,2015 state court jury sheet that he used to collect over $1.7 million dollars  from Brady never even sad anything about personal guarantees, that means no "discretionary investigation" is needed by the Attorney General to prove the guilt of Sheindlin or his client Philippe Ifrah.

27.     Mr. Sheindlin is an attorney and he know his own "stipulated" confession that the July 26, 2015 jury sheet did not say anything about personal guarantees means that he confessed that it was a criminal act when he used that same jury sheet to force the sale of Brady's apartment to pay over $1.7 million dollars to his client Philippe Ifrah.

28.     The reason for a writ of mandamus that this Court failed to address in its September 29, 2023 Decision is shown on page 45 of Brady's Complaint  The request is shown again below:

7

(i)   Order Mr. Garland to order the return of the over $500,000 Petitioner was forced to pay on September 5, 2018 to the attorneys who helped steal his co-op's development rights;

29.      As the $500,000 in sanctions were only implemented in the unlawful and unconstitutional lower court decision, it means Brady has the absolute constitutional right to demand that Mr. Garland take appropriate action such as demanding that the sanctions found only in the unconstitutional lower court decision be returned.  This outcome would be automatic if Mr. Garland was forced to admit that Plaintiff's contract and higher court decision govern as a matter of very basic black letter law.  Mr. Garland's refusal to admit to this black letter law mandates mandamus.

30.      As under the rules of law shown in Plaintiff's Complaint, and again in this Motion for Reargument, prove that Brady's Offering Plan contract and higher court decision govern, it means that Brady never lost the air rights litigation, and the sanctions found only in the lower court decision were never lawful, valid, or constitutional.

31.      This Court ordering Mr. Garland to admit through mandamus that Brady's Offering Plan contract and higher court decision govern over the lower court decision would automatically simultaneously mean that the $500,000 in sanctions found only in the unlawful and unconstitutional lower court decision would need to be returned.

32.      Finally, the fourth reason for a writ of mandamus request that this Court failed to address in its September 29, 2023 OPINION AND ORDER is found on page 45 of the Complaint and is shown again below:

(ii)  Order that Mr. Garland order the return of the over $1.7 million Petitioner was        forced to pay IGS Realty on September 5, 2018 as a result of Gregory Sheindlin's and    Mr Ifrah's fraud scheme;

33.      Words used in Mr. Garland's September 29, 2023 60 Minutes interview proves Mr. Garland himself admitting that he had the mandated duty to perform the exact type of conduct sought

in Plaintiff's four mandamus requests.  Mr. Garlands own words from October 1, 2023, shown as the

second to last paragraph of this document prove he is duty-bound to perform the type of relief sought

by Brady and that Brady has the absolute constitutional right to demand that Mr. Garland order that

Sheindlin and his client Philippe Ifrah immediately return the $1.7 million dollars to Brady since

Sheindlin and his attorney Robert Sussman confessed under oath and by stipulation on May 4, 2021

that the State Court jury sheet Sheindlin used to to collect over $1.7 million dollars from Plaintiff did

not have that he lied when he represented "through implication" in court documents.  This is a very

reasonable request that requires no "investigation" or "discretionary act" by Mr. Garland.

34.     This Court and Mr. Garland both reference the case of _Brady v. Berman_, Index No. 18-

cv-8459 (VEC) (BCM) SDNY, which has nothing to do with the present case and is being cited by

Defendant only in order to prejudice the Court and distract from the claims in Plaintiff's Complaint.  In

her September 18, 2019 decision, Judge Valerie Caproni dismissed half of the _Report and

Recommendation_ that had been submited by the Magistrate Judge, and more of the _Report_ was then

changed by the Court of Appeals (as shown on the docket sheet on Pacemonitor).

35.     Further, this Court added a proviso to my First Amendment right to seek redress from

the government by asserting that while I have a right to file a complaint, I do not have the right to a

response from the Attorney General:

> Brady argues that pursuant to his First Amendment rights, he has the right to file a complaint as
> to the Attorney General. Compl. ¶ 34. However, Brady has no right to any response from the
> Attorney General. _We the People Found., Inc. v. United States_, 485 F.3d 140, 141 (D.C. Cir.
> 2007) (citing Minn. State Bd. for Cmty. Colls. v. Knight, 465 U.S. 271, 283, 285 (1984); _Smith
> v. Arkansas State Highway Employees_, 441 U.S. 463 (1979)).

36.     **NEW EVIDENCE**:  Just this past Sunday, October 1, 2023, Merrick Garland appeared

on the CBS News show "60 Minutes" linked here:  https://www.youtube.com/watch?v=4aPp8KX6EiU,

and a transcript of the interview is found here:  https://www.cbsnews.com/news/attorney-general-merrick-garland-donald-trump-hunter-biden-investigations/.

37.     In that interview, Mr. Garland confirmed that he has the mandated duty to follow facts and admissions and take action when shown wrongdoing so it was an error for this Court to *sua sponte* argue that Brady does not even have the right to a reply to Plaintiff's pleads for help.   Merrick Garland explained his mandated duties to the nation as follows in his October 1, 2023, 60 Minutes interview:

> Merrick Garland: We do not have one rule for Republicans and another rule for Democrats. We don't have one rule for foes and another for friends. We don't have one rule for the powerful and another for the powerless, for the rich or for the poor, based on ethnicity. We have only one rule; and that one rule is that we follow the facts and the law, and we reach the decisions required by the Constitution, and we protect civil liberties.

38.     **NEW EVIDENCE:**  On October 3, 2023, the Appellate Division, First Department ruled against the Co-op Board of 450 West 31st Street in *Heykal Properties LLC v. 450 West 31st Street Owners Corp*, Index No. 653641/2018, Case No. 2002-04476.  The Court ruled that "the building's governing documents" are "the offering plan and proprietary lease," and also reaffirmed that "The offering plan as amended only designates the 12th floor penthouse as having additional outdoor space."

39.     This ruling is further new evidence that contrary to this Court's September 29, 2023 Order, Plaintiff did not lose the state court litigation.  Instead, Supreme Court Justice Shirley Kornreich unlawfully and unconstitutionally rewrote the Offering Plan contract to deprive Plaintiff of the rights that are affirmed in the higher court, Appellate Division, First Department February 11, 2010 decision.

40.     For all the above reasons, this Court should reverse its September 29, 2023 MEMORANDUM OPINION since it has been proven that Mr. Garland will never voluntarily "follow the facts and the law, and reach the decisions required by the Constitution."  Without mandamus Mr. Garland will never protect Brady's "civil liberties," although he admitted that protecting all citizens' "civil rights" is a mandated none discretionary duty.

10

DATED:  October 7, 2023

James H. Brady, *Pro se Plaintiff*
21 Pearce Avenue
Manasquan, NJ 08736
(201) 923-5511

Sworn before me on this

_____ day of October 2023

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES H. BRADY,

       *Plaintiff*,

*v.*

MERRICK B. GARLAND,
United States Attorney General,

       *Defendant*.

_____

Case No. 23-cv-00212-APM

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 7, 2023, I served a copy of Plaintiff's James H.

Brady's **MOTION FOR RECONSIDERATION,** via email to Marhsa W. Yee at

Jeremy A. Chase at Marsha.Yee@usdoj.gov.

                         Marsha W. Yee
                         Assistant United States Attorney
                         U.S. Attorney's Office for the District of
                         Columbia
                         601 D Street, N.W.
                         Washington, D.C. 20530
                         Telephone: (202) 252-2539
                         Fax: (202) 252-2599
                         Email: Marsha.Yee@usdoj.gov

/s/ JAMES H. BRADY

James H. Brady, *Pro se Plaintiff*
21 Pearce Avenue
Manasquan, NJ 08736
bradyny@gmail.com

**INDIVIDUAL ACKNOWLEDGMENT**

State/Commonwealth of New Jersey

County of Monmouth } ss.

On this the __7th__ day of __October__ , __2023__ , before me,
    Day                    Month                    Year

__Robin Neumann__ , the undersigned Notary Public,
Name of Notary Public

personally appeared __James H. Bradley__
                                    Name(s) of Signer(s)

☐ personally known to me – **OR** –

☑ proved to me on the basis of satisfactory evidence

ROBIN NEUMANN
Notary Public, State of New Jersey
My Commission Expires Jan 31, 2028

to be the person(s) whose name(s) is/are subscribed
to the within instrument, and acknowledged to me
that he/she/they executed the same for the purposes
therein stated.

WITNESS my hand and official seal.

_____
Signature of Notary Public

_____

_____
Any Other Required Information
(Printed Name of Notary, Expiration Date, etc.)

Place Notary Seal/Stamp Above

─── **OPTIONAL** ───

*This section is required for notarizations performed in Arizona but is optional in other states.
Completing this information can deter alteration of the document or fraudulent reattachment
of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: Plaintiff's Affidavit in Support of Motion to Recover Title

Document Date: 10/07/2023                 Number of Pages: 11

Signer(s) Other Than Named Above: N/A

©2020 National Notary Association

M1304-07 (09/2021)
Used  for states (AL, AZ, CO, CT, DE, GA, IA, ID, IL, IN, KS, KY, LA, MD, ME, MI, MN,
MS, MT, NC, ND, NE, NH, NJ, NM, OK, OR, RI, SC, SD, TN, VA, VT, WV, WI, WY)

# EXHIBIT

# 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES H. BRADY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 23-cv-00212 (APM)** |
| **MERRICK B. GARLAND** | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

### I.

Plaintiff James Brady, proceeding *pro se*, seeks a writ of mandamus to compel Defendant U.S. Attorney General Merrick Garland to investigate the validity of past judicial decisions entered against Brady. Before the court is Defendant's motion to dismiss for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss, ECF No. 10. That motion is granted.

### II.

Brady has a long history of litigation prior to this case. Those cases arose from two primary disputes concerning real estate: one set of cases stems from the sale of air rights above Brady's penthouse unit, while the other stems from personal guarantees Brady made as to other real estate. *See Brady v. Berman*, No. 18-cv-8459, 2019 WL 4546535, at **1–4 (S.D.N.Y. Aug. 2, 2019). Brady alleges that the prior judgments represent a conspiratorial injustice against him orchestrated by powerful judges, which can and should be remedied by the Attorney General. Compl., ECF No. 1, ¶¶ 59–69.

Brady seeks to compel Attorney General Garland to (1) invalidate a prior 2014 New York state court decision pertaining to the air rights litigation, (2) allow Brady to file a criminal complaint relating to court losses from the personal guarantees litigation, and (3) order the return of the $2.3 million that Brady allegedly has paid as a result of these combined court loses. He asks this court to issue a writ of mandamus to compel the Attorney General to do so. The Attorney General filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the court lacks authority to compel him to investigate or prosecute, as that decision is within the Attorney General's discretion. For the reasons stated below, the court agrees and dismisses this action without prejudice.[1]

## II.

When deciding a motion to dismiss under Rule 12(b)(1), "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or . . . the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). The court must, however, "accept all of the factual allegations in [the] complaint as true." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (brackets in original). "A document filed *pro se* is to be liberally construed" pursuant to the requirements of Federal Rule of Civil Procedure 8(f): "Pleadings must be construed so as to do justice." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Review of a *pro se* plaintiff's filings is therefore against a "less stringent" backdrop than that of "formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted).

---

[1] Pursuant to Fed. R. Civ. P. 41(b), dismissal of a claim for lack of jurisdiction is without prejudice. *See Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("[D]ismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction."). However, "even a case dismissed *without* prejudice has preclusive effect on the jurisdictional issue litigation." *Id.*

Nonetheless, the "[p]laintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Am. Fed'n of Gov't Emp.'s v. Sec'y of Air Force*, 841 F. Supp. 2d 233, 235–36 (D.D.C. 2012). If, after a liberal reading of the documents, a federal court concludes it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Poblete v. U.S. Marshals Service*, 224 F. Supp. 3d 43, 45–46 (D.D.C. 2019).

## III.

### A.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). In an ordinary case, the plaintiff must first establish the court's jurisdiction over the claims before the court may address the merits. *Illinois v. Ferriero*, 60 F. 4th 704, 714 (D.C. Cir. 2023). Those inquires merge, however, when, as here, a plaintiff seeks mandamus relief. *Id.* (citing *Lovitky v. Trump*, 949 F. 3d 753, 759 (D.C. Cir. 2020)). Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer . . . of the United States or an agency thereof to perform a duty owed to the plaintiff." Put another way, the question of whether the court has subject matter jurisdiction turns on whether the plaintiff has demonstrated a clear entitlement to relief.

A writ of mandamus is a "drastic and extraordinary" remedy. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004). It is available only when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 123 (D.D.C. 2009) (citations omitted). When a petitioner fails to meet these requirements, the court is required to dismiss for lack of subject matter jurisdiction. *See Ferriero*, 60 F. 4th at 714.

3

Brady fails to satisfy both (1) the "clear and indisputable right" to relief and (2) the defendant's "clear duty to act," because the Attorney General's decision whether to initiate proceedings is an exercise of prosecutorial discretion, which this court cannot compel. The Supreme Court has consistently held that "an agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney,* 470 U.S. 821, 831 (1985). This principle applies to the prosecutorial discretion of the Attorney General, and is not overcome by a request for mandamus relief: "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion." *Powell v. Katzenbach,* 359 F. 2d. 234, 234 (D.C. Cir. 1965) (citations omitted); *see also In re Sealed Case*, 131 F.3d 208, 214 (D.C. Cir. 1997) (noting that "the exercise of prosecutorial discretion, at the very core of the executive function, has long been held presumptively unreviewable"). Because Plaintiff has no "clear right to relief" and Defendant has no "clear duty to act," the court lacks jurisdiction to proceed.[2]

**B.**

Brady further argues that the All Writs Act supplies this court with jurisdiction. Compl. ¶ 42. It does not. It is well established that "the All Writs Act does not confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 29 (2002). The All Writs Act works "in aid of [a court's] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *See id.* at 33 (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999) (internal quotation marks omitted)).

---

[2] Brady argues that pursuant to his First Amendment rights, he has the right to file a complaint as to the Attorney General. Compl. ¶ 34. However, Brady has no right to any *response* from the Attorney General. *We the People Found., Inc. v. United States*, 485 F.3d 140, 141 (D.C. Cir. 2007) (citing *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 283, 285 (1984); *Smith v. Arkansas State Highway Employees*, 441 U.S. 463 (1979)).

4

Brady also invokes the Administrative Procedure Act (APA). Compl. ¶ 43. But "agency action [that] is committed to agency discretion by law" is not subject to judicial review under the APA. 5 U.S.C. § 701(a)(2). And the D.C. Circuit conclusively has held that decisions not to prosecute or initiate administrative action are unreviewable under the APA. *See Voth v. Holder*, 373 Fed. App'x 78 (D.C. Cir. 2012) (affirming district court's dismissal of a mandamus petition because the APA "only provides for judicial review of an agency's failure to act when the action is not committed to agency discretion by law" and that the Attorney General's decision to investigate was a matter "committed to prosecutorial discretion") (citations omitted). Plaintiff therefore has no APA claim.

## IV.

For the foregoing reasons, this court grants Defendant's Motion to Dismiss, ECF No. 10, and dismisses this action without prejudice. A final, appealable order accompanies this opinion.

Dated: September 29, 2023

Amit P. Mehta
United States District Court Judge

5

# EXHIBIT
# 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES H. BRADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 23-cv-00212 (APM)** |
| ) | |
| **MERRICK B. GARLAND** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

### I.

Plaintiff James Brady, proceeding *pro se*, seeks a writ of mandamus to compel Defendant

U.S. Attorney General Merrick Garland to investigate the validity of past judicial decisions entered

against Brady. Before the court is Defendant's motion to dismiss for lack of subject matter

jurisdiction. Def.'s Mot. to Dismiss, ECF No. 10. That motion is granted.

### II.

Brady has a long history of litigation prior to this case. Those cases arose from two primary

disputes concerning real estate: one set of cases stems from the sale of air rights above Brady's

penthouse unit, while the other stems from personal guarantees Brady made as to other real estate.

*See Brady v. Berman*, No. 18-cv-8459, 2019 WL 4546535, at \*\*1–4 (S.D.N.Y. Aug. 2, 2019).

Brady alleges that the prior judgments represent a conspiratorial injustice against him orchestrated

by powerful judges, which can and should be remedied by the Attorney General. Compl., ECF

No. 1, ¶¶ 59–69.

Brady seeks to compel Attorney General Garland to (1) invalidate a prior 2014 New York state court decision pertaining to the air rights litigation, (2) allow Brady to file a criminal complaint relating to court losses from the personal guarantees litigation, and (3) order the return of the $2.3 million that Brady allegedly has paid as a result of these combined court loses. He asks this court to issue a writ of mandamus to compel the Attorney General to do so. The Attorney General filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the court lacks authority to compel him to investigate or prosecute, as that decision is within the Attorney General's discretion. For the reasons stated below, the court agrees and dismisses this action without prejudice.[1]

## II.

When deciding a motion to dismiss under Rule 12(b)(1), "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or . . . the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). The court must, however, "accept all of the factual allegations in [the] complaint as true." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (brackets in original). "A document filed *pro se* is to be liberally construed" pursuant to the requirements of Federal Rule of Civil Procedure 8(f): "Pleadings must be construed so as to do justice." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Review of a *pro se* plaintiff's filings is therefore against a "less stringent" backdrop than that of "formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted).

---

[1] Pursuant to Fed. R. Civ. P. 41(b), dismissal of a claim for lack of jurisdiction is without prejudice. *See Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("[D]ismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction."). However, "even a case dismissed *without* prejudice has preclusive effect on the jurisdictional issue litigation." *Id.*

2

Nonetheless, the "[p]laintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Am. Fed'n of Gov't Emp.'s v. Sec'y of Air Force*, 841 F. Supp. 2d 233, 235–36 (D.D.C. 2012). If, after a liberal reading of the documents, a federal court concludes it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Poblete v. U.S. Marshals Service*, 224 F. Supp. 3d 43, 45–46 (D.D.C. 2019).

### III.

### A.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). In an ordinary case, the plaintiff must first establish the court's jurisdiction over the claims before the court may address the merits. *Illinois v. Ferriero*, 60 F. 4th 704, 714 (D.C. Cir. 2023). Those inquires merge, however, when, as here, a plaintiff seeks mandamus relief. *Id.* (citing *Lovitky v. Trump*, 949 F. 3d 753, 759 (D.C. Cir. 2020)). Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer . . . of the United States or an agency thereof to perform a duty owed to the plaintiff." Put another way, the question of whether the court has subject matter jurisdiction turns on whether the plaintiff has demonstrated a clear entitlement to relief.

A writ of mandamus is a "drastic and extraordinary" remedy. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004). It is available only when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 123 (D.D.C. 2009) (citations omitted). When a petitioner fails to meet these requirements, the court is required to dismiss for lack of subject matter jurisdiction. *See Ferriero*, 60 F. 4th at 714.

3

Brady fails to satisfy both (1) the "clear and indisputable right" to relief and (2) the defendant's "clear duty to act," because the Attorney General's decision whether to initiate proceedings is an exercise of prosecutorial discretion, which this court cannot compel.  The Supreme Court has consistently held that "an agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney,* 470 U.S. 821, 831 (1985).  This principle applies to the prosecutorial discretion of the Attorney General, and is not overcome by a request for mandamus relief: "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion." *Powell v. Katzenbach,* 359 F. 2d. 234, 234 (D.C. Cir. 1965) (citations omitted); *see also In re Sealed Case*, 131 F.3d 208, 214 (D.C. Cir. 1997) (noting that "the exercise of prosecutorial discretion, at the very core of the executive function, has long been held presumptively unreviewable").  Because Plaintiff has no "clear right to relief" and Defendant has no "clear duty to act," the court lacks jurisdiction to proceed.[2]

## B.

Brady further argues that the All Writs Act supplies this court with jurisdiction.  Compl. ¶ 42.  It does not.  It is well established that "the All Writs Act does not confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 29 (2002).  The All Writs Act works "in aid of [a court's] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *See id.* at 33 (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999) (internal quotation marks omitted)).

---

[2] Brady argues that pursuant to his First Amendment rights, he has the right to file a complaint as to the Attorney General.  Compl. ¶ 34.  However, Brady has no right to any *response* from the Attorney General.  *We the People Found., Inc.  v. United States*, 485 F.3d 140, 141 (D.C. Cir. 2007) (citing *Minn. State Bd.  for Cmty. Colls. v. Knight*, 465 U.S. 271, 283, 285 (1984); *Smith v. Arkansas State Highway Employees*, 441 U.S. 463 (1979)).

Brady also invokes the Administrative Procedure Act (APA).  Compl. ¶ 43.  But "agency action [that] is committed to agency discretion by law" is not subject to judicial review under the APA.  5 U.S.C. § 701(a)(2).  And the D.C. Circuit conclusively has held that decisions not to prosecute or initiate administrative action are unreviewable under the APA.  *See Voth v. Holder*, 373 Fed. App'x 78 (D.C. Cir. 2012) (affirming district court's dismissal of a mandamus petition because the APA "only provides for judicial review of an agency's failure to act when the action is not committed to agency discretion by law" and that the Attorney General's decision to investigate was a matter "committed to prosecutorial discretion") (citations omitted).  Plaintiff therefore has no APA claim.

## IV.

For the foregoing reasons, this court grants Defendant's Motion to Dismiss, ECF No. 10, and dismisses this action without prejudice.  A final, appealable order accompanies this opinion.

Dated:  September 29, 2023

_____
Amit P. Mehta
United States District Court Judge